1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
   MARC D. KATZ (Cal. Bar No. 189534)
2    katzma@sec.gov
   DAVID ZHOU (NY Bar No. 4926523)
3    zhoud@sec.gov
   ERIN E. WILK (Cal. Bar No. 310214)
4    wilke@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
7  Telephone: (415) 705-2500
   Facsimile:  (415) 705-2501

8
                   UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12
   SECURITIES AND EXCHANGE COMMISSION,     Case No.
13
                   Plaintiff,              **CONSENT OF DEFENDANT**
14
          v.                               **HEADSPIN, INC.**
15
   HEADSPIN, INC.,
16
                   Defendants.
17

18
19
                **CONSENT OF DEFENDANT HEADSPIN, INC.**
20
21        1.      Defendant HeadSpin, Inc. waives service of a summons and the complaint in this

22  action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the

23  subject matter of this action.

24        2.      Without admitting or denying the allegations of the complaint (except as to personal

25  and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

26  the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference

27  herein, which, among other things:

28

(a)     permanently restrains and enjoins Defendant from violating, directly or indirectly, 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

3.     Defendant acknowledges that the Court is not imposing a civil penalty based on Defendant's agreement to cooperate in a Commission investigation and related enforcement action. Defendant consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty.  In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion:  (a)  Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) the allegations of the complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within 30 days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that Defendant shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's

undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

//

//

//

//

//

//

//

1    14.  Defendant agrees that this Court shall retain jurisdiction over this matter for the

2    purpose of enforcing the terms of the Final Judgment.

3

4    Dated:    12/23/2021                    _Jonathan Kaplan_____
                                             HeadSpin, Inc.
5                                            Jonathan Kaplan
                                             General Counsel
6                                            3200 Ash St, Palo Alto, CA 94306

7

8    On December  23rd , 20 21, _____Jonathan Kaplan_____, a person known to me,
     personally appeared before me and acknowledged executing the foregoing Consent with full
9    authority to do so on behalf of __HeadSpin Inc.__ as its _General Cancel_.

10   [NOTARY PUBLIC SEAL
     STATE OF TEXAS]          James Deary

11                            ID NUMBER
                              13279642-9          Notary Public  State of Texas   County of  Travis
12                            COMMISSION EXPIRES  Commission expires: 11/23/2024
                              November 23, 2024
                                                 Notary Public, State of Texas
13   Notarized online using audio-video communication

14   Approved as to form:

15
     Dated:    12/23/2021                    **Christopher J. Steskal**
16                                           MICHAEL SCOTT DICKE
17                                           CHRISTOPHER J. STESKAL
                                             Fenwick and West LLP
18                                           555 California Street, 1200
                                             San Francisco, CA 94104
19                                           415-875-2300 Fax: 415-281-1350
                                             mdicke@fenwick.com; csteskal@fenwick.com
20                                           Attorneys for Defendant HeadSpin, Inc.

21   Submitted by
22

23
     Dated:    1/28/2022                     _/s/ David Zhou_
24                                           MARC D. KATZ
25                                           DAVID ZHOU
                                             ERIN E. WILK
26                                           Attorneys for Plaintiff
                                             SECURITIES AND EXCHANGE
27                                           COMMISSION

28