MONIQUE C. WINKLER (Cal. Bar No. 213031)
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
DAVID ZHOU (NY Bar No. 4926523)
  zhoud@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
  wilke@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HEADSPIN, INC.,<br><br>Defendant. | Case No.   5:22-cv-00576<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT HEADSPIN, INC.** |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT HEADSPIN, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant HeadSpin, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

2  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

3  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

4  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

5  with Defendant or with anyone described in (a).

6                                            III.

7    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on

8  Defendant's agreement to cooperate in a Commission investigation and related enforcement action,

9  the Court is not ordering Defendant to pay a civil penalty.  If at any time following the entry of the

10  Final Judgment the Commission obtains information indicating that Defendant knowingly provided

11  materially false or misleading information or materials to the Commission or in a related proceeding,

12  the Commission may, at its sole discretion and without prior notice to the Defendant, petition the

13  Court for an order requiring Defendant to pay a civil penalty.  In connection with any such petition

14  and at any hearing held on such a motion:  (a)  Defendant will be precluded from arguing that it did

15  not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge

16  the validity of this Final Judgment or the Consent of Defendant HeadSpin, Inc. (the "Consent"); (c)

17  the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and

18  deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

19  basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

20  documentary evidence without regard to the standards for summary judgment contained in Rule 56(c)

21  of the Federal Rules of Civil Procedure.  Under these circumstances, the parties may take discovery,

22  including discovery from appropriate non-parties.

23                                            IV.

24    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

25  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

26  comply with all of the agreements set forth therein.

27

28

[PROPOSED] FINAL JUDGMENT              3
OF HEADSPIN, INC.

1

V.

2          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

3    jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

4

VI.

5          There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

6    Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

7

8

9

10   Dated: _____, 2022

11                                                                  _____

UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL JUDGMENT                    4
of HEADSPIN, INC.